CHARLES J. SCHUCK, Judge.
Claimants ask damages for injuries to their property, comprising a tract of 421/2 acres of land in Wirt county, West Virginia, and located near the left fork of Tuckers creek in said county. In 1940 the state road commission rebuilt the road running in, over, adjacent and upon the said tract of land and also constructed a dam or bridge across the left fork of Tuckers creek and made a fill 8 to 10 feet high across the bottom of said creek; leaving an opening under the dam or bridge in question which, according to the allegations set forth in claimant’s petition, was insufficient to drain the water flowing into said Tuckers creek and, as a result of rains in July, 1943, the water backed up to the dwelling house of claimants over the garden and cornfield of their property, causing the damages aforesaid. Recently, this court in the case of Jessie Williams v. the State Road Commission, a claim very similar in all respects to the one now being considered, held that the court *442 of claims was without jurisdiction to hear and determine the merits of the claim under section 14 of the act creating the court of claims.
The said act specifically provides that there shall be excluded from the jurisdiction of the court of claims any claim which may be maintained by or on behalf of the claimants in the courts of the state.
A careful reading and consideration of the petition filed by claimants, as well as the plea filed by the state through the attorney general’s office, seem to indicate that the claim in question is one that should properly be presented to the state courts, and that therefore this court is without jurisdiction. See the opinion in Jessie Williams v. State Road Commission, supra.
The motion to dismiss the claim for want of jurisdiction as filed by the respondent is therefore sustained.